277 So.2d 43 (1973)
H. Carl VANDERVOORT, Jr., Appellant,
v.
Margaret Jean VANDERVOORT, Appellee.
Nos. 72-1119, 72-1352.
District Court of Appeal of Florida, Third District.
April 24, 1973.
Rehearing Denied May 22, 1973.
Cushman & Cushman, Miami, for appellant.
Sams, Anderson, Alper, Spencer & Post and Frank Pridgen, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
CARROLL, Judge.
The above numbered appeals were filed by H. Carl Vandervoort, Jr., the defendant below, from two orders or judgments in an action for dissolution of marriage. The appeals were consolidated here.
A judgment dissolving the marriage of the parties was entered on September 27, 1971, and the court appointed a special master thereafter to take testimony and report his determination of the assets, the liabilities, and the method of distribution of the assets and liabilities of a partnership *44 in which the parties had engaged in the business of owning, breeding and racing horses. Following evidentiary hearings thereon the master filed his report. The plaintiff wife moved the court to adopt the master's report. The defendant husband filed exceptions thereto. Among the exceptions was a contention that the master had erred in finding the partnership commenced on August 11, 1970 (as had been claimed by the wife), rather than in 1961, the year the parties were married (as had been claimed by the husband). After a hearing thereon the court entered a judgment on August 9, 1972, overruling the defendant's exceptions and adopting the master's report. The husband filed appeal No. 72-1119 therefrom.
It is the contention of the appellant that the court committed error by overruling his exception to the master's report with reference to the date of inception of the partnership. We hold that ruling of the court was not error. The master gave cogent reasons for the finding in question, and upon consideration thereof in the light of the record and briefs we affirm the order of the court which adopted the master's report dealing with the property rights of the parties and entered judgment thereon.
On September 29, 1972, more than a month after the entry of the judgment relating to the property rights of the parties in their partnership, the plaintiff wife filed a motion for the court "to make specific findings as to the assets and liabilities of the partnership based on the testimony and evidence contained in the hearings before the special master." In that motion the plaintiff stated: "The findings of the special master and the evidence presented in those hearings should be res judicata as to any other actions," and alleged that the husband had instituted other actions outside the State of Florida in which he was attempting to "increase the liabilities of the partnership and change the assets."
Acting on that motion, over objection of the defendant that the court was without jurisdiction to change or supplement the August 9, 1972 judgment confirming the master's report covering said matters, the court entered an order on October 13, 1972, which is the subject of appeal No. 72-1352. Therein the court made findings, such as the master had made, respecting the assets and liabilities of the partnership, and on two matters which had not been covered by the master held that a residence of the parties was not a partnership asset, and that certain notes aggregating $190,000 did not constitute a liability of the partnership. The latter two findings or holdings of the court appear from the record to be without support of testimony so establishing. It appeared that the object of the plaintiff wife was to have additions made to the judgment which she could use as res judicata in opposing other litigation alleged to have been instituted by the husband elsewhere.
The matter of the assets and liabilities of the partnership had been litigated before the master, and at the time the same came before the court for judgment thereon no reason was advanced by the plaintiff wife for changing the determination thereof as made and reported by the master. On the contrary, the wife moved the court to approve and confirm the master's report. The changes therein which the husband sought through exceptions were denied, and judgment was entered confirming the report.
After that judgment relating to the property rights of the parties concerning the assets and liabilities of the partnership had become final the court was without jurisdiction to change, modify or enlarge the judgment with respect thereto. Mabson v. Christ, 96 Fla. 756, 119 So. 131; Finston v. Finston, 160 Fla. 935, 37 So.2d 423; Cortina v. Cortina, Fla. 1957, 98 So.2d 334; McEachin v. McEachin, Fla.App. 1963, 154 So.2d 894, 896; Sistrunk v. Sistrunk, Fla. App. 1970, 235 So.2d 53, 55; Penton v. *45 Penton, Fla.App. 1971, 246 So.2d 623; Walborsky v. Walborsky, Fla.App. 1972, 258 So.2d 304, 308.
In Finston v. Finston, supra, the Supreme Court said: "The rule seems well settled that a final decree in an equity suit settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights." In Mabson v. Christ, supra, the Supreme Court said (119 So. at 133):
"While a court of equity retains the power to modify by subsequent order the time or manner of the enforcement of a final decree after the expiration of the term in which it was rendered, or after it has become final and absolute under our rules, it does not retain the power to amend, modify, or alter the principles of such final decree." [Citations omitted.]
In Sistrunk v. Sistrunk, Fla.App. 1970, 235 So.2d 53, 55, the Supreme Court said:
"While the court is authorized by statute to modify the provisions of the final judgment as the same pertain to the care, custody and maintenance of children of the marriage (Section 61.13, F.S. 1967, F.S.A.), and upon a change of circumstances of the parties or the financial ability of the husband may modify provisions of the final judgment allowing alimony to the wife (Section 61.14, F.S. 1967, F.S.A.), there is no statutory authority for the court to retain jurisdiction after final judgment whereby it may subsequently enter post judgment orders determining the property rights of the parties. Property rights are settled by the final judgment, Finston v. Finston, 1948, 160 Fla. 935, 37 So.2d 423. Whatever the court may have intended by inserting in the final judgment the clause stating that the court did not at the time adjudicate property rights of the parties in the stock or real estate, such clause could not act to reserve jurisdiction to the court to enable it at some indefinite time in the future to settle such property rights. McEachin v. McEachin, Fla.App. 1963, 154 So.2d 894."
Therefore, the matters of property rights of the parties which were dealt with before the master, and reported by the master and confirmed by judgment of the court, are res judicata for the parties. As to matters of that nature which were not so dealt with before the master and not adjudicated by the judgment of August 9, 1972, the parties are at liberty to litigate them in other separate proceedings. Accordingly, the order and judgment of October 13, 1972, is reversed.
On appeal No. 72-1119, the order or judgment is affirmed. On appeal No. 72-1352, the order or judgment is reversed.
PEARSON, Judge (dissenting).
I would hold that the order of August 9, 1972 overruling exceptions to the special master's report was an interlocutory order and that such an order does not bar a subsequent consideration of property matters which were not ruled upon in the master's report. See A-1 Truck Rentals, Inc. v. Vilberg, Fla.App. 1969, 222 So.2d 442.