318 So.2d 164 (1975)
Roberto COLLAZO, Appellant,
v.
Clara Sotelo De COLLAZO, Appellee.
No. 75-121.
District Court of Appeal of Florida, Third District.
September 2, 1975.
Carlos B. Fernandez, Miami, for appellant.
Norman Funt, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal by ex-husband of an award of the marital residence as lump sum alimony to the ex-wife. He contends that the chancellor abused his discretion in the award thereof in that both parties are equal in their capabilities to earn income. We cannot agree.
Upon a dissolution of marriage, the ex-wife ordinarily becomes the owner of an undivided one-half interest as a tenant in common with her former husband in land owned by the spouses as an estate by the entirety. Nevertheless, upon proper pleadings and sufficient and proper proof, the former husband's interest in the estate by the entireties can be awarded to the ex-wife as lump sum alimony or to the extent that she establishes a special equity therein. Steinhauer v. Steinhauer, Fla. App. 1971, 252 So.2d 825 and see also Latta v. Latta, Fla.App. 1960, 121 So.2d 42.
The record in the case before us reflects that the ex-wife substantially contributed to the down payment on the marital home and the maintenance thereof. In addition and more important, she made 40 out of the 49 mortgage payments due on the residence. Based upon the above evidence, the chancellor determined that this sufficiently proved up a special equity in the marital home and properly granted appellant's interest therein to appellee as lump sum alimony. Cf. Long v. Long, Fla.App. 1974, 304 So.2d 483.
*165 No abuse of discretion having been made to appear, the judgment must be and is affirmed. See Linares v. Linares, Fla.App. 1974, 292 So.2d 63.
Affirmed.