496 So.2d 806 (1986)
Gloria DAVIS, Petitioner,
v.
Rosman Charles DIEUJUSTE, Respondent.
No. 61044.
Supreme Court of Florida.
October 16, 1986.
*807 Richard K. Inglis, Fort Lauderdale, for petitioner.
John D. Kruse and Robert S. Schlorff, III of the Law Offices of Kruse and Livoti, Fort Lauderdale, for respondent.
EHRLICH, Justice.
We have for review a decision of the Fourth District Court of Appeal, Dieujuste v. Davis, 400 So.2d 981 (Fla. 4th DCA 1981), which expressly and directly conflicts with a decision of another district court of appeal, Vandervoort v. Vandervoort, 277 So.2d 43 (Fla. 3rd DCA), cert. denied, 287 So.2d 682 (Fla. 1973). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This case involves a post-dissolution final judgment awarding the former wife, petitioner herein, sole ownership of certain real property which, during the marriage, had been held by the parties as a tenancy by the entireties. The property rights of the parties were not raised in the former husband's petition for dissolution; nor were they addressed in the April, 1977 final judgment of dissolution. The trial court did not reserve jurisdiction over the proceeding.
In June of 1978 the former wife filed a "petition for additional relief after dissolution of marriage" which was dismissed by the trial court for lack of subject matter jurisdiction. Then in August of that year, she filed a "complaint for additional relief after dissolution of marriage," claiming a special equity in the real property which is the subject of the instant dispute. The trial court found that it had jurisdiction of the cause and of the parties, that the former wife was the sole owner of the real property in question, and that the former husband had an equitable lien on the property of $950. The husband was ordered to convey by quit-claim deed all his interest in the property; and the wife was ordered to satisfy the lien. The husband appealed the final judgment.
On appeal, the district court noted that the property at issue held by the parties as a tenancy by the entireties, upon dissolution, automatically converted to a tenancy in common. § 689.15, Fla. Stat. (1977). The district court correctly recognized the dispositive issue presented is "whether property rights as between the marital partners and evolving during a marriage are finally settled by a judgment of dissolution of marriage under any and all circumstances." 400 So.2d at 982.
Relying on this Court's decisions in Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (Fla. 1948) and Cooper v. Cooper, 69 So.2d 881 (Fla. 1954), the district court below concluded that such rights are finally settled upon dissolution. The district court held "res judicata constitutes a complete defense to the claim of [the former wife] embodied in the complaint on which the judgment on appeal is based." 400 So.2d at 983. In Finston we announced that where property rights were before the court "a final [divorce] decree ... settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights." 160 Fla. at 937, 37 So.2d 423. This rule was expanded in Cooper where, discussing Finston, we noted: "the [trial] court had before it the question of property rights... . Here the property rights were not introduced in the litigation but they could and should have been so the [doctrine of res judicata] applies." 69 So.2d at 883. (Emphasis added).
The rule set forth in Cooper has been generally followed in this state. See Estabrook v. Wise, 348 So.2d 355 (Fla. 1st DCA), cert. denied, 354 So.2d 980 (Fla. 1977), cert. denied, 435 U.S. 971, 98 S.Ct. 1612, 56 L.Ed.2d 63 (1978); Boswell v. Boswell, 352 So.2d 91 (Fla. 4th DCA 1977); Simon v. Simon, 293 So.2d 780 (Fla. 3d DCA 1974); Thompson v. Thompson, 223 So.2d 95 (Fla. 2d DCA 1969). However, the Cooper decision was completely overlooked in Vandervoort v. Vandervoort, 277 So.2d 43 (Fla. 3d DCA 1973). In Vandervoort, contrary to this Court's decision in Cooper, *808 the Third District Court of Appeal held that matters involving property rights of the parties to a dissolution action which were not dealt with before the trial court or were not adjudicated in the final judgment of dissolution may be litigated in "other separate proceedings." 277 So.2d at 45.
Turning to the case at bar, first we note, implicit in the reasoning of the district court is the assumption that the trial court's jurisdiction was predicated on personal service, giving the trial court jurisdiction to adjudicate the property rights of the parties. If this assumption is correct and the trial court in the original dissolution proceeding had in personam jurisdiction over the wife or in rem jurisdiction to adjudicate the respective rights in the real property in question, the doctrine of res judicata as adopted in Cooper was properly applied in this case. However, in raising a due process challenge to the district court's ruling, the petitioner contends that service of process was by publication[1] and that the notice of action made no mention of the real property at issue as required by section 49.08(4), Florida Statutes (1977).[2] If that was indeed the nature of the service of process in the original dissolution proceeding, the trial court was without jurisdiction to adjudicate the property rights of the parties. See, e.g., Wright v. Wright, 411 So.2d 1334 (Fla. 4th DCA 1982); Lahr v. Lahr, 337 So.2d 837 (Fla. 2d DCA 1976); Nethery v. Nethery, 212 So.2d 10 (Fla. 1st DCA 1968); Hennig v. Hennig, 162 So.2d 288 (Fla. 3d DCA), cert. denied, 166 So.2d 754 (Fla. 1964); Webb v. Webb, 156 So.2d 698 (Fla. 3d DCA 1963).
The rule of Cooper that a party to a dissolution proceeding is barred from raising matters in a subsequent proceeding which "could and should have" been raised in the dissolution proceeding is not applicable where the court lacked jurisdiction to address the matter in the original proceeding. In Pawley v. Pawley, 46 So.2d 464 (Fla.), cert. denied, 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed. 632 (1950), which involved a post-dissolution action for alimony, where the foreign final judgment of dissolution was predicated on constructive service, we recognized that "[i]t is only in those cases wherein all parties litigant were personally (actually or by legally sufficient personal service of process) before the court that all justiciable controversies may be said to have been conclusively determined."[3] 46 So.2d at 473. We based our decision in Pawley "upon the just and equitable recognition of the fact that the defendant wife under such circumstances has not had her day in court, or an opportunity in truth and in fact to be heard, upon the subject of her right to alimony... ." 46 So.2d at 472 (emphasis omitted). The concept of "divisible divorce" as adopted in Pawley recognizes that a dissolution proceeding has two separable aspects, that which relates to the marital res and that which relates to the property rights and obligations of the parties. While constructive service is sufficient for an adjudication of the former, personal jurisdiction is generally required for a determination of the latter. See Orlowitz v. Orlowitz, 208 So.2d 849 (Fla. 3d DCA), cert. denied, 207 So.2d 453 (Fla. 1967). However, as noted previously, a court may obtain in rem jurisdiction to distribute real property located within the state pursuant to section 49.08(4). Therefore, if in the instant case service of process was by publication, with no description of the real property contained in the notice of action, as petitioner alleges, she would not be barred from now bringing an action *809 placing in issue property rights which came into existence prior to the final judgment of dissolution. These rights could properly be raised in an action for partition pursuant to section 64.041, Florida Statutes (1977), or in a dissolution-related action, such as the one brought in the instant case, seeking to establish a special equity, Landay v. Landay, 429 So.2d 1197 (Fla. 1983), or requesting an award of the husband's interest in the property in lieu of lump sum alimony. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Under our holding in Cooper, where a trial court has acquired jurisdiction to adjudicate the respective rights and obligations of the parties, a final judgment of dissolution settles all such matters and bars all subsequent litigation by either party to determine rights and obligations evolving during the marriage. The petitioner argues that such a rule would force the parties to forever hold the property at issue as a tenancy in common, with a fifty percent ownership interest in each. The parties are not forever bound as co-tenants. They may voluntarily partition through mutual agreement or either may seek statutory partition pursuant to chapter 64, Florida Statutes. However, the ownership interest of each was settled once and for all at the time the judgment of dissolution became final.
Upon dissolution of marriage, property held by the spouses as an estate by the entireties converts to a tenancy in common. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); § 689.15, Fla. Stat. (1977). In the absence of a showing that one spouse should be awarded more than an equal share of entireties property, either as an award in lieu of lump sum alimony or because of a special equity in the property, the ownership interest of each is presumed equal. Landay v. Landay, 429 So.2d 1197; Ball v. Ball, 335 So.2d 5 (Fla. 1976); Collazo v. Collazo, 318 So.2d 164 (Fla. 3d DCA 1975). As we noted in Ball, "[i]f property is to be divided equally, ... no judicial action is required because the law will convert that entireties tenancy to a tenancy in common as soon as the marriage is dissolved." 335 So.2d at 7. Thus, if the trial court had jurisdiction to dispose of the entireties property, subsequent proceedings, including dissolution-related proceedings, such as the one brought in the instant case, and statutory partition proceedings, in which the petitioner seeks to establish that she is entitled to an ownership interest greater than fifty percent, are barred.
It is true, as petitioner points out, that section 64.041, Florida Statutes, contemplates that a co-tenant seeking statutory partition may attempt to establish a greater ownership interest.[4] However, in a case such as this where the circumstances giving rise to the petitioner's claim to a greater than equal interest occurred prior to the dissolution, this claim could have and should have been raised during the dissolution proceeding. By operation of law the respective ownership interest of each spouse was determined upon entry of the final judgment of dissolution. The doctrine of res judicata thus precludes other than an equal partition of the property. Therefore, the only property rights which may be raised in an action for partition are those which arose subsequent to the final judgment of dissolution. See, e.g., Mossel v. Mossel, 424 So.2d 979 (Fla. 4th DCA 1983).
In conclusion, we hold that where a trial court has acquired jurisdiction to adjudicate the respective rights and obligations of the parties, a final judgment of dissolution settles all such matters as between the spouses evolving during the marriage, whether or not these matters were introduced in the dissolution proceeding, and *810 acts as a bar to any action thereafter to determine such rights and obligations. Any language to the contrary in Vandervoort is disapproved. If however, the trial court lacks jurisdiction to determine the respective rights and obligations of the parties, the doctrine of res judicata, as adopted in Cooper, would not preclude a post-dissolution action seeking adjudication of these matters.
Accordingly, we remand for a determination as to whether the trial court in the dissolution proceeding had jurisdiction to dispose of the real property at issue and for further proceedings, if they are found to be appropriate, in accordance with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW and BARKETT, JJ., concur.
ADKINS and BOYD, JJ., dissent with opinions.
ADKINS, Justice, dissenting.
I dissent. The majority of this Court has strayed from the basic principles of law regarding property held as a tenancy by the entireties and the right of tenants in common to partition property.
I agree with the majority's interpretation of Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (Fla. 1948), and Cooper v. Cooper, 69 So.2d 881 (Fla. 1954), in that the doctrine of res judicata applies to bar post-dissolution proceedings in cases in which the property rights of the parties could and should have been introduced in the initial dissolution proceeding. For that very reason, I would hold that petitioner's current complaint regarding the nature of the ownership of the real property is barred. However, I would limit the principles of res judicata enunciated in Finston and Cooper to post-dissolution proceedings other than the right to statutory partition, and allow either party to bring a suit seeking partition in which a claim of special equity in the property could be raised.
A tenancy by the entireties is an estate held by husband and wife by virtue of title acquired by them jointly after marriage. Bailey v. Smith, 89 Fla. 303, 103 So. 833 (1925). The essential characteristic of an estate by the entirety is that each spouse is seized of the whole as opposed to a divisible part. Ashwood v. Patterson, 49 So.2d 848 (Fla. 1951); Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205 (1945). An estate by the entireties is but one estate and, in contemplation of law, held by but one person. Ashwood; Hunt v. Covington, 145 Fla. 706, 200 So. 76 (1941); Bailey. The unity of person as recognized in an estate by the entirety springs from the relationship of husband and wife. Junk v. Junk, 65 So.2d 728 (Fla. 1953). A spouse's interest in property held as an estate by the entireties is not severable from that of the other spouse. Markland v. Markland, 155 Fla. 629, 21 So.2d 145 (Fla. 1945); Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727 (1941).
Special equity is a vested interest which a spouse acquires because of contribution of funds, property, or services made over and above the performance of normal marital duties. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980). A party to a divorce proceeding who proves that he or she has a special equity in property is awarded a vested interest in that property. Id.
By definition, a spouse is never entitled to claim special equity in property held as a tenancy by the entireties because both tenants have an inseverable interest in the whole property. Further, neither tenant may possess a special equity in an estate by the entirety because, in the eyes of the law, both tenants are merged into one being.
Property held as a tenancy by the entireties does not convert to a tenancy in common until after dissolution of marriage. See § 689.15, Fla. Stat. (1979). Therefore a claim of special equity in property held as a tenancy by the entireties cannot be raised in a dissolution proceeding and the party claiming special equity in the property must wait until a dissolution of marriage is finalized and the property in question is converted to a tenancy in common. I erred *811 in joining the majority opinion of Landay v. Landay, 429 So.2d 1197 (Fla. 1983), in which we addressed the propriety of a claim of special equity in property held as a tenancy by the entireties during a dissolution proceeding. I disagree with all those cases which, at a minimum, implicitly acknowledge that such a claim exists. See e.g. Ball v. Ball, 335 So.2d 5 (Fla. 1976).
A claim of special equity in property converted to a tenancy in common subsequent to a dissolution of marriage proceeding may arise in a statutory partition action pursuant to chapter 64 of Florida Statutes (1983). A partition action may be brought by a separate action after dissolution or by a separate count in the dissolution proceeding seeking supplemental partition.
Partition of property held as a tenancy in common is, with certain exceptions, a matter of right. Hazelwood v. Hazelwood, 345 So.2d 819 (Fla. 4th DCA 1977); Condrey v. Condrey, 92 So.2d 423 (Fla. 1957). The exceptions include waiver and estoppel, neither of which is at issue in the present case. See Condrey. Either tenant in common has the right to partition. Strauss; Smith v. Smith, 464 So.2d 1287 (Fla. 5th DCA 1985). The property does not have to be divided fifty percent to each owner. Section 64.041, Florida Statutes, contemplates that the interests of the co-owners are not necessarily equal because it requires an allegation stating the quantity of the interest of each owner. Further, a judgment of dissolution does not bar statutory partition, for a cause of action does not arise until a final judgment of dissolution is entered. See Sudholt v. Sudholt, 389 So.2d 301 (Fla. 5th DCA 1980).
I would affirm the ruling of the district court finding that petitioner is barred from litigating her property claim in this post-dissolution proceeding. I would affirm the order of the district court without prejudice to the right of either party to bring a suit seeking partition. I disagree with the opinion of the majority in so far as it fails to recognize the general principles of law set forth above.
BOYD, Justice, dissenting.
I dissent because I believe that under the facts of this case, the ownership of the parties' home, held as tenants by the entirety and transformed into a tenancy in common by the dissolution decree, was finally settled by the dissolution decree and was not subject to subsequent collateral challenge. I reach this conclusion for several reasons.
The transformation of entireties property into a tenancy in common, with a one-half interest to each of the former spouses, takes place automatically by operation of law. This legal effect of a dissolution decree is not a function of the court's authority to adjudicate the property rights of the parties to a dissolution action. This automatic legal effect of the dissolution decree does not depend on the court's having jurisdiction to adjudicate property matters but only upon jurisdiction to dissolve the marriage.
When the parties to a marriage hold the title to property in a tenancy by the entirety, there is a strong presumption of co-equal ownership. If one of the parties provided all of the purchase money, or all of the down payment, or all of the periodic payments made, it should be presumed from the joint title that a gift was intended, that such monetary contributions were offset by other contributions and services provided by the other spouse, or that title was taken jointly in recognition of the parties' joint undertaking to provide for the needs of the family. See, e.g., Ball v. Ball, 335 So.2d 5 (Fla. 1976) (special equity is shown where all consideration for entireties property supplied by one spouse from independent source); Pyle v. Pyle, 53 So.2d 312 (Fla. 1951) (title taken jointly upon purchase by husband may be viewed as advancement on support obligation). If one party seeks to establish a special equity in the other party's share, this should be claimed in the dissolution proceeding. If the marriage is dissolved without any judicial adjustment of the record title, then the effect is to confirm the parties as co-equal owners in common. I would hold that such equal *812 co-tenancy should not thereafter be subject to question.
Because the transformation of a tenancy by the entireties into a tenancy in common takes place by operation of law and does not depend on any special judicial action, we need not discuss the questions pertaining to the court's jurisdiction to adjudicate property matters. The question of whether a decree of dissolution, when the court has jurisdiction to adjudicate property claims, settles all matters that could have been adjudicated, or only those that were adjudicated, is not before us. The decisions in Pawley v. Pawley, 46 So.2d 464 (Fla.), cert. denied, 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed. 632 (1950), and Vandervoort v. Vandervoort, 277 So.2d 43 (Fla. 3d DCA 1973), and any purported conflict between them and Cooper v. Cooper, 69 So.2d 881 (Fla. 1954), and Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (Fla. 1948), need not be addressed.
The principal reason why we should hold that the tenancy in common, with each of the former marital partners having a half interest, becomes final and settled upon dissolution is so that a purchaser can rely on the record title and be assured of receiving such a one-half interest by purchase from one of the former spouses. If we hold that in some circumstances the status of the title to the property can be revisited by means of a collateral court action, we lay the groundwork for a challenge to the title obtained by an innocent purchaser and thereby cast a cloud over the marketability of a person's interest in a tenancy in common whenever such an interest has devolved by reason of a dissolution decree. Though lacking actual notice of the ground of the infirmity, the innocent purchaser may lose his innocence in the eyes of the courts on the ground of lack of diligent inquiry. A prospective purchaser should not have to investigate the nature and extent of the dissolution court's jurisdiction. The way to avoid opening this Pandora's box of title troubles is to hold that upon dissolution, the tenancy by the entirety becomes finally and unquestionably an equally distributed tenancy in common, and let the chips fall where they may. Any unfairness or hardship that this may cause in an individual case is simply the price that must be paid for an orderly system of real property titles and transfers.
The Court's inference that the dissolution of the parties' marriage may have been decreed by a court lacking jurisdiction to adjudicate property matters is mere speculation. Although it is asserted in the petitioner's brief that the former wife was served process by publication, there is not the slightest affirmative indication of this in the record. Indeed, this assertion appears to be made somewhat belatedly. The complaint filed by the former wife in this case contains no such allegation. The complaint alleges that the "property was not referred to in the action for Dissolution of Marriage between the parties because neither of the parties realized that the Defendant had any interest in the property." This allegation and the remainder of the petitioner's complaint reveal to me, by stronger inference than that which moves the majority, that although the former wife allowed the former husband's complaint for dissolution to proceed to judgment by default, she nevertheless had notice of the nature of the proceeding if not full awareness of all of its consequences. If petitioner was not personally served with process when her former husband sought dissolution of their marriage, then she surely should have averred that fact when she filed her complaint seeking recognition of her special equity so that the fact, if true, could be established by evidence. It is too late now to make the assertion in a legal brief thus asking this Court to speculate about the matter.
If it should be determined on remand, in accordance with the Court's mandate, that petitioner's claim of special equity was cognizable in this collateral proceeding, then it should be noted that respondent is entitled to appellate review of the trial court's equitable award, review which he has not yet received. The district court did not reach the question of the legal correctness of the trial court's determination of ownership because *813 it held that the wife's complaint was barred as res judicata. Respondent contends that the trial court's determination that the wife was entitled to a special equity was not legally correct and not supported by competent, substantial evidence.
I dissent and would finally resolve this case by approving the result of the district court's decision.
NOTES
[1] The record is devoid of any information concerning the type of service had in the dissolution action.
[2] § 49.08(4), Fla. Stat. (1977) requires that a notice of action set forth "[t]he description of real property, if any, proceeded against."
[3] We note that there is language in Pawley which conflicts with our holding in Cooper. We noted in Pawley that even when the trial court has jurisdiction over the person or property of the defendant, "authority exists for the position that only those matters actually litigated are settled with finality." 46 So.2d at 473 (citing Blanchard v. Stribling, 157 Fla. 10, 24 So.2d 713 (Fla. 1946). We recede from those portions of the Pawley and Blanchard opinions which conflict with our holding in Cooper.
[4] § 64.041, Fla. Stat. (1977) provides in part:

Partition of property; complaint.
The complaint shall allege a description of the lands of which partition is demanded, the names and places of residence of the owners, joint tenants, tenants in common, co-parceners, or other persons interested in the lands according to the best knowledge and belief of plaintiff, the quantity held by each, and such other matters, if any, as are necessary to enable the court to adjudicate the rights and interests of the party.
(Emphasis added.)