553 So.2d 774 (1989)
Michael A. STEINFELD, Appellant,
v.
Marcia L. STEINFELD, Appellee.
No. 88-2617.
District Court of Appeal of Florida, Fourth District.
December 20, 1989.
*775 Peter J. Snyder, Boca Raton, for appellant.
Joel L. Kirschbaum of Esler & Kirschbaum, P.A., Fort Lauderdale, for appellee.
GUNTHER, Judge.
We reverse the trial court's post-judgment order directing the parties to equally divide the proceeds of two checks made payable to the parties jointly. In our view, the trial court lacked jurisdiction to order the parties to divide the proceeds of the checks.
In the instant case, the Wife petitioned the trial court to order the equal distribution of the proceeds of two checks which were issued to the parties jointly after the rendition of the final judgment of dissolution. The Husband objected, claiming that unless the parties intended the checks to be disposed of under the intangible personal property provisions of the final judgment, the court lacked jurisdiction to distribute the checks.
In Brandt v. Brandt, 525 So.2d 1017, 1019 (Fla. 4th DCA 1988), this court stated:
It is important to note that even a specific reservation of jurisdiction only empowers the court to deal with property rights and interests not previously settled by a final judgment. Further, a general reservation of jurisdiction is insufficient to permit the court to entertain questions concerning property rights not adjudicated in the final judgment. Thus, where there is no reservation of jurisdiction the court obviously has no authority to entertain a petition to modify the provisions of a final judgment adjudicating property rights. Mandy v. Williams, 492 So.2d 759 (Fla. 4th DCA 1986). The rule applies with equal force to a petition which is labelled as one for enforcement but which is, in actuality, an attempt to have the court determine an interest in a tenancy in common. Poling v. Tresidder, 373 So.2d 405 (Fla. 4th DCA 1979), and cases cited therein.
Although the two checks in the instant case were not specifically mentioned in the property settlement agreement or the final judgment, the Wife asserts that a provision of the property agreement and a reservation of jurisdiction in the final judgment gave the trial court jurisdiction to compel an equal division of the proceeds.
The final dissolution judgment contained the following reservation of jurisdiction:
Except as to the dissolution of marriage granted in this Judgment, this court specifically reserves jurisdiction of the entire matter to enter such further orders as may be equitable, appropriate and just. Further, each party is to take each and every reasonable and necessary action and conduct themselves in such a manner as to carry out the intent and purposes of this Judgment.
We disagree with the Wife's assertion that since her petition is only seeking an enforcement order, this reservation in the final judgment is sufficiently specific to permit the trial court to compel division of the checks. In actuality, the Wife is seeking a division of property not specifically addressed by the property settlement agreement or the final judgment.
We also reject the Wife's argument that the tax liability provision of the property settlement agreement gives the trial court jurisdiction to divide the IRS refund check proceeds. The tax liability provision *776 of the property settlement agreement provides:
The parties agree to equally share in any deficiency assessments including penalties, interest, fines, costs, fees or tax liens arising out of any joint income tax returns previously filed by the parties as well as any damages or expenses whatsoever proximately caused thereby, excepting any deficiencies due to the horses or Colorado condominium, in which case said deficiencies would be the sole responsibility of the Husband.
Although the agreement provides that the parties will share tax liabilities equally, there is no indication that they intended to share tax refunds equally.
Finally, although the two checks did not exist at the time the final judgment of dissolution was entered, the right to the joint tax refund was obviously a right acquired during the marriage of the parties. As such, the joint tax refund check is a marital asset. But the circumstances giving rise to the source of funds for the second check cannot be gleaned from the record. If the right to the proceeds of the second check arose during the course of the marriage, then it was a marital asset that became the joint property of the parties upon the dissolution of their marriage. When the parties' marriage was dissolved, any marital assets not otherwise resolved by the property settlement agreement or the final judgment became joint property of the parties.
Where a trial court has acquired jurisdiction to adjudicate the respective rights and obligations of the parties, a final judgment of dissolution settles all such matters and bars all subsequent litigation by either party to determine rights and obligations evolving during the marriage. Davis v. Dieujuste, 496 So.2d 806 (Fla. 1986). If property rights were not introduced in the litigation, but could or should have been, the ownership interest of each is settled once and for all when the judgment of dissolution becomes final. See Davis, 496 So.2d at 806.
In the instant case, the trial court lacks jurisdiction to force an equal division of the property. However, the parties are not precluded from filing separate action to seek an appropriate division of these funds. See Davis, 496 So.2d at 806.
REVERSED AND REMANDED.
HERSEY, C.J., concurs.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I respectfully dissent from the majority opinion for two distinct reasons. First, I would find that the trial court had jurisdiction to determine the parties' respective rights in the two checks. I believe this is so because even though the property settlement agreement does not make specific reference to these checks (and there is nothing in the record to indicate why this is so, or why the parties were unable to anticipate such a sizable IRS refund), I believe the action is in the nature of enforcement of the final judgment and therefore sufficiently covered by the trial court's retain jurisdiction clause.
The case is distinguishable from Davis v. Dieujuste, 496 So.2d 806 (Fla. 1986), upon which the majority relies. Davis involves a determination that the former spouse's attempt to have the trial court determine the parties' respective interest in a piece of real property  never before mentioned in the course of the litigation and up to the point of final judgment  could not properly be brought in the dissolution action, as the trial court had no jurisdiction to determine that issue. The parties, now being tenants in common as to that real property, were required to file a new lawsuit.
The case presently before us involves two items of personal property, which would have fallen into the same category of personal property provided for in the property settlement agreement as approved in the final judgment. Although the actual checks may not have been in existence at the time of the dissolution, the circumstances which gave rise to entitlement to the checks may, in fact, have existed before the dissolution was granted.
While the majority agrees with this last proposition, they go on to conclude that this raised a question of fact requiring an evidentiary hearing  a second basis for finding the trial court reversibly erred. *777 While in most instances I would agree that an evidentiary hearing would be necessary to inquire into the intent of the parties and any other facts that might be relevant to deciding how the checks should be divided, I believe another section of the property settlement agreement is controlling and precludes the necessity of such a hearing. Paragraphs 2 and 3 of the property settlement agreement contain mutual acknowledgments and releases of the former wife and former husband. Using substantially mirror language, those clauses provide as follows:
The Husband [Wife] further agrees and does hereby release, discharge and exonerate the wife from any and all claims for dower, special equity, division of property, inheritance, descent and distribution, and/or preference as personal representative, except as herein provided.
In that both parties have waived any claim for special equity in any property of the others, it seems that the trial court correctly concluded that the parties were obligated to divide the checks equally.
I would therefore conclude that the trial court had jurisdiction to determine the parties' respective interest in the two subject checks, as being in the nature of enforcement of the final judgment, and was correct in ordering that the checks be equally divided between the former husband and former wife. I would affirm.