In re MARRIAGE OF BETTY J. WILSON, Petitioner-Appellant, and JAY WILSON, a/k/a Carvel J. Wilson, Respondent-Appellee.

Second District   No. 2—88—0860

Opinion filed January 24, 1990.—Rehearing denied February 21, 1990.

Howard W. Broecker, of Howard W. Broecker & Associates, Ltd., of Geneva, for appellant.

John G. Plain, of Aurora, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The petitioner, Betty J. Wilson, appeals from the orders of the circuit court of Kane County dismissing her second amended complaint for dissolution of marriage and declaration of resulting trust on the ground of *res judicata* and denying her motion to reconsider. We vacate the court's judgment and remand the cause for further proceedings.

Petitioner filed a petition for dissolution of her marriage to respondent, Carvel J. Wilson, on December 1, 1981, in the circuit court of Du Page County seeking dissolution, support and maintenance, property distribution and attorney fees. The primary marital asset alleged to have been acquired subsequent to the marriage was a residence located at 1135 McDonald Avenue, Aurora, Illinois.

In January 1982, respondent quitclaimed his interest in this property to Mary Louise Kennedy, the secretary of his attorney, John Plain. Kennedy subsequently executed a quitclaim deed for the subject property back to Carvel J. Wilson in October 1984 and, pursuant to motion and order, the deed presently is being held in escrow by Kennedy's attorney.

In May 1982, respondent commenced his own dissolution of marriage proceeding in the circuit court for the Thirteenth Judicial Cir-

cuit in Hillsborough County, Florida. Summons directed to respondent in June 1982 on the petition for dissolution in Du Page County and the return thereon were quashed and subsequent attempted service of summons on respondent in Florida was never perfected.

Petitioner filed a special and limited appearance and motion to dismiss the Florida proceeding, which was denied, and a judgment dissolving the parties' marriage was entered in June 1982 in Hillsborough County, Florida; no property rights or rights of support and maintenance were submitted for consideration or determined in that proceeding.

In March 1983, petitioner filed an amended petition for dissolution of marriage in the circuit court of Du Page County acknowledging the Florida dissolution and the quitclaim of the property to Kennedy, noting there was no disposition of the issues of property, support and maintenance or attorney fees in the Florida proceeding, and praying for a determination of same. Petitioner's affidavit for service by publication on respondent was filed late in March 1983. In June 1983, petitioner filed a second amended complaint for dissolution of marriage and for declaration of resulting trust. John Plain and Mary Louise Kennedy were designated therein as additional parties defendant; both subsequently were dismissed, and they are not parties to this appeal.

In July 1983, Kennedy filed a motion to dismiss petitioner's complaint on the ground of *res judicata* in light of the dissolution of the parties' marriage in Hillsborough County, Florida. In January 1984, Du Page County associate judge Blair Varnes denied Kennedy's motion to dismiss inasmuch as he found "that no determination was made by the Florida court as to marital property or as to maintenance" and "that the theory of res adjudicata is not applicable due to the fact that the Florida hearing did not involve the same issues [now] pending." The judge's order transferred the cause to the Sixteenth Judicial Circuit, Kane County, Illinois, which was the situs of the property and residence of "all parties of interest."

In January 1986, a certificate of publication was filed showing a publication made in the Geneva Republican on July 26, August 2 and August 9, 1984. Based upon this publication, petitioner procured the entry of several orders in and by which respondent was defaulted, the real estate was awarded to petitioner, and a supplemental judgment for dissolution of marriage was entered. Respondent filed a special and limited appearance on February 5, 1986, seeking to vacate these orders. The special and limited appearance was denied, and an appeal therefrom was taken to this court. In *In re Marriage of Wilson*

(1986), 150 Ill. App. 3d 885, this court vacated all orders entered by the trial court which were premised upon jurisdiction over respondent due to defects in petitioner's service by publication.

Respondent was then served with summons in April 1987, and, thereafter, in June, he filed his motion to dismiss petitioner's second amended complaint on the ground of *res judicata* based on the prior Florida proceedings. In May 1988, this motion to dismiss was granted, and petitioner's motion to reconsider pursuant to section 2—1203 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203) was denied in August. This appeal followed.

■■ ■ The petitioner argues the court's order dismissing the cause "disregards and overrules" Judge Varnes' January 1984 order which, *inter alia*, transferred venue and found no determination had been made in the Florida proceedings as to the marital property or maintenance and, therefore, the theory of *res judicata* was inapplicable. Petitioner cites no authority in support of her contention, however, thereby waiving it. (107 Ill. 2d R. 341(e)(7).) Moreover, it is clear that a trial judge is not bound by a prior interlocutory order of another trial judge in the same case and may, after careful consideration, amend or revise orders which it considers to be erroneous. *People v. DeJesus* (1989), 127 Ill. 2d 486, 494; *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113.

The petitioner further contends the court's dismissal of her second amended complaint is contrary to the law, constituted a manifest abuse of discretion and deprived her of her due-process right to a hearing concerning the issue of the parties' property rights which precluded the trial court from fashioning a just and equitable distribution of the marital assets.

Respondent contends petitioner has waived the issues of abuse of discretion and due process because she failed to raise them below. Respondent further argues that where petitioner personally appeared by counsel in the Florida proceeding and failed to raise any issue of property rights, the judgment of dissolution of marriage is entitled to full faith and credit and completely bars any subsequent action to determine the parties' marital property rights.

■■ As to the waiver of due process, we agree petitioner never raised the issue of due process in the trial court, nor, in fact, does she cite any authority in support of her conclusional argument here. It is clear that objections to a motion to dismiss which are not raised in the trial court cannot be raised on appeal. (*McWane Cast Iron Pipe Co. v. Aetna Casualty & Surety Co.* (1954), 3 Ill. App. 2d 399, 402.) Insofar as abuse of discretion, we note that in determining the propri-

ety of the dismissal of a complaint, this court is concerned only with questions of law presented by the pleadings (*Circle Security Agency, Inc. v. Ross* (1981), 99 Ill. App. 3d 1111, 1114) and dismissal will be upheld on any basis found in the record (*White Fence Farm, Inc. v. Land & Lakes Co.* (1981), 99 Ill. App. 3d 234, 239). Whether to grant a motion to reconsider, however, is committed to the sound discretion of the trial judge. (*In re Marriage of Rosen* (1984), 126 Ill. App. 3d 766; *In re Marriage of Hopkins* (1982), 106 Ill. App. 3d 135.) Whether a court's discretion has been abused in denying a party's motion to reconsider is tested by considering whether the refusal violated the moving party's right to fundamental justice and manifested an improper application of discretion. *Harris v. Harris* (1977), 45 Ill. App. 3d 820, 821.

Petitioner relies primarily on *Vandervoort v. Vandervoort* (Fla. Dist. App. 1973), 277 So. 2d 43, in support of her contention that it was error for the court to have dismissed her second amended complaint. In *Vandervoort*, a judgment dissolving the parties' marriage was entered and a special master appointed by the court to take testimony and report his determination of the assets, liabilities and the method of distribution of the assets and liabilities of a partnership in which the parties had engaged in the business of owning, breeding and racing horses. After the master filed his report, the wife moved the court to adopt it, and the husband filed exceptions thereto which were overruled and the master's report adopted. Adoption of the master's report was upheld upon the husband's appeal. The wife subsequently moved the court to make specific findings as to the assets and liabilities of the partnership, apparently with the object of having additions made to the judgment which she could argue were *res judicata* in opposing other litigation which she alleged had been instituted elsewhere by the husband.

Over the husband's objection, the court acceded to this request of the wife and made findings, such as the master had made, and on two matters which had not been covered by the master. On appeal by the husband, the court reversed, stating in pertinent part:

"[T]he matters of property rights of the parties which were dealt with before the master, and reported by the master and confirmed by judgment of the court, are res judicata for the parties. As to matters of that nature which were not so dealt with before the master and not adjudicated by the judgment of August 9, 1972, the parties are at liberty to litigate them in other separate proceedings." *Vandervoort*, 277 So. 2d at 45.

Acknowledging that *Vandervoort* subsequently was disapproved in

*Davis v. Dieujuste* (Fla. 1986), 496 So. 2d 806, 809-10, petitioner nevertheless contends *Vandervoort* "was the law in June of 1982 when the judgment was entered by the circuit court for the Thirteenth Judicial Circuit, Hillsborough, Florida, dissolving the marriage of the parties."

■ Petitioner's contention is patently without merit. Decisions which do not announce a new rule of law or overrule precedent are not limited to prospective application (*Rothe v. Maloney Cadillac, Inc.* (1988), 119 Ill. 2d 288), and it is clear from the court's decision in *Davis* that it considered *Vandervoort* an aberration of the settled law. In pertinent part, the *Davis* court stated:

"In *Finston* we announced that where property rights were before the court 'a final [divorce] decree *** settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights.' [Citation.] This rule was expanded in *Cooper* where, discussing Finston, we noted: 'the [trial] court had before it the question of property rights ***. Here the property rights were not introduced in the litigation *but they could and should have been* so the [doctrine of res judicata] applies.' [Citation.] (Emphasis added).

The rule set forth in *Cooper* has been generally followed in this state. [Citations.] However, the *Cooper* decision was completely overlooked in *Vandervoort v. Vandervoort*, 277 So. 2d 43 (Fla. 3d DCA 1973). In *Vandervoort*, contrary to this Court's decision in *Cooper*, the Third District Court of Appeal held that matters involving property rights of the parties to a dissolution action which were not dealt with before the trial court or were not adjudicated in the final judgment of dissolution may be litigated in 'other separate proceedings.' " *Davis*, 496 So. 2d at 807-08.

In deciding the case before it, the *Davis* court noted the concept of "divisible divorce" adopted in *Pawley v. Pawley* (Fla. 1950), 46 So. 2d 464, which recognized two separable aspects of a dissolution proceeding: that which relates to the marital *res* and that which relates to the property rights and obligations of the parties. "While constructive service is sufficient for an adjudication of the former, personal jurisdiction is generally required for a determination of the latter." (*Davis*, 496 So. 2d at 808.) Thus, the *Davis* court concluded, if the trial court in the cause before it had acquired jurisdiction to adjudicate the respective rights and obligations of the parties, the final judgment of dissolution settled all such matters as between the

spouses evolving during the marriage, whether or not those matters were introduced in the dissolution proceeding, and the dissolution judgment acts as a bar to any action thereafter to determine any such rights and obligations. The court added that: "Any language to the contrary in *Vandervoort* is disapproved." (*Davis*, 496 So. 2d at 810.) The cause in *Davis* was remanded for a determination of whether the trial court in the dissolution proceeding had jurisdiction to dispose of the real property at issue.

In the case at bar, petitioner points to the fact the original notice of action filed by the respondent was entitled "Notice of Action—No Property" and was addressed to her at 1135 McDonald Road, Aurora, Illinois, attempting to suggest, apparently, that the Florida trial court which granted the dissolution did not have jurisdiction to dispose of the real property at issue. The record shows, however, that petitioner filed a special and limited appearance and motion to dismiss the Florida proceedings. That motion alleged in part that she previously filed a petition for dissolution of marriage in Du Page County, Illinois, and that a determination as to the disposition of the parties' marital home would have to be made by that court. (The record shows the respondent, Carvel J. Wilson, had not been served with process in the Du Page dissolution proceeding at the time the Florida court considered the petitioner's motion to dismiss and, in fact, respondent was not effectively served with summons until April 1987.)

Petitioner's filing of a motion to dismiss the Florida dissolution proceeding amounted to a general appearance inasmuch as any action taken by a litigant which recognizes the case as being in court will amount to a general entry of appearance unless such action was for the sole purpose of objecting to jurisdiction over the person. (*In re Marriage of Lenhardt* (1988), 176 Ill. App. 3d 429.) Personal jurisdiction is conferred by service of summons or by general appearance, and it is derived from actions of the person sought to be bound. (*Meldoc Properties v. Prezell* (1987), 158 Ill. App. 3d 212.) Consequently, the Florida court had personal jurisdiction of both the petitioner and the respondent and, per *Davis*, that court had jurisdiction to adjudicate the respective rights and obligations of the parties notwithstanding the fact that petitioner, through her attorney, failed to pursue the matter of the marital residence.

Petitioner argues further, however, that *res judicata* does not bar the instant cause since "it was stipulated to by and between the parties in the Florida proceedings that the only issue that would be determined by the trial court was the dissolution of marriage and *not* any issues relating to the rights of the parties in the Kane County,

Illinois, real estate." (Emphasis in original.)

The principle of *res judicata* ordinarily would bar litigation of the petitioner's property claim here inasmuch as that principle applies not only to matters which were *actually* litigated but also those which *could have been* litigated. (*Thorleif Larsen & Son, Inc. v. PPG Industries, Inc.* (1988), 177 Ill. App. 3d 656.) However, "[i]t is further the rule that a judgment or decree is not a bar to the further prosecution of claims, or the interposition of defenses, where the same, although asserted or set up in the prior suit, were withdrawn from the consideration of the court or for any reason, *such as by agreement of the parties*, were not submitted for decision." (Emphasis added.) *Karas v. Snell* (1957), 11 Ill. 2d 233, 247; see also *Case Prestressing Corp. v. Chicago College of Osteopathic Medicine* (1983), 118 Ill. App. 3d 782, 786.

As respondent argues, no "stipulation" as such appears in the record. However, petitioner's motion to reconsider was supported by the affidavit of counsel who represented her in the Florida proceedings. Therein, counsel stated that when he moved to dismiss the Florida proceeding on the basis of the pending Du Page dissolution petition—which included the property issue—counsel for respondent represented to the court that respondent was seeking only a dissolution of the parties' marriage and that the appropriate court in Illinois could determine the entitlement to an ownership of Illinois property at some other later time. Respondent's reply to this motion to reconsider was supported by the affidavit of counsel who represented respondent in the Florida proceedings. In pertinent part, counsel stated therein that he argued to the Florida court that the only relief he was seeking on behalf of his client was the dissolution of the marriage; that he knew nothing of any marital property; and that opposing counsel could file whatever responsive pleadings he chose. Counsel further stated that, to the best of his memory, he did not recall telling petitioner's counsel that he should litigate any issue about land in Illinois in the State of Illinois.

In denying petitioner's motion to reconsider, the court here found that where the Florida court had personal jurisdiction of the parties who were represented by counsel, the property matter could have and should have been litigated. The court acknowledged the affidavits of counsel showed the parties "weren't seeking any other relief, other than to dissolve the marriage" in the Florida proceeding, but it stated: "This court believes that those attorneys made a mistake." The court expressly stated: "[T]hat as far as [petitioner] is concerned, she is being deprived of justice and equity. But the law speaks. And I

must follow the law. And I believe the law under res judicata says should have or could have been litigated."

Based on these comments, it is clear the court concluded that only the dissolution matter was submitted to the Florida court and that it was a "mistake" on the part of the parties' attorneys that the property issue was not submitted as well.

As noted above, the property issue could properly, rather than mistakenly, have been removed from the Florida court's consideration by agreement of the parties and, under those circumstances, the principle of res judicata would not bar litigation of the property issue at a later time or in a different forum. Inasmuch as the issue of whether the attorneys had such an agreement is a question of fact and counsel's affidavits conflict on that point, the judgment of the circuit court of Kane County denying petitioner's motion to reconsider the dismissal of her second amended complaint is vacated, and the cause is remanded for further proceedings consistent with this opinion.

Judgment vacated; cause remanded.

INGLIS and McLAREN, JJ., concur.