PER CURIAM.
Sue Witt appeals from the trial court’s denial of attorney’s fees arising out of a post judgment proceeding in a dissolution of marriage action. Appellant argues that the court had jurisdiction under the final judgment of dissolution and was required to award the fees pursuant to the parties’ settlement agreement. We agree.
Appellee sought recovery of a federal income tax refund check and filed a motion to enforce the settlement agreement. The trial court concluded that it did not have subject matter jurisdiction since the subject of the refund check had not been resolved as part of the property settlement in the earlier dissolution action. Appellant filed for attorney’s fees pursuant to a provision in the settlement agreement providing that such fees be awarded to the prevailing party in enforcement actions. The trial court denied appellant’s motion, concluding that neither party had prevailed.
We find no merit in appellee’s argument that the trial court lacked subject matter jurisdiction to grant attorney’s fees. In the final judgment of dissolution the trial court specifically retained jurisdiction to rule on enforcement actions. Appellee brought such an enforcement action, but lost due to the fact the refund check was not subject to the retained jurisdiction of the trial court. See Steinfeld v. Steinfeld, 553 So.2d 774 (Fla. 4th DCA 1989) (retained jurisdiction of trial court does not include property not specifically addressed in the settlement agreement or final judgment). It is clear appellant prevailed in the action given that appellee failed to obtain a favorable judgment.
Accordingly, we reverse and remand for a determination and award to appellant of reasonable attorney’s fees.
DELL, WALDEN and GUNTHER, JJ., concur.