BROWNING, J.
Louise Ann Wise, the former wife, appeals an order of the trial court denying her request to revisit the equitable distribution scheme in the parties’ divorce decree. For the reasons that follow, we reverse.
In 1991, while the parties were still married, appellee, the former husband, retired from military service and became a participant in the United States Armed Forces Survivor Benefit Plan (SBP). This plan allows a military service member to select a beneficiary to receive a Navy plan annuity after the death of the military service member. The annuity premiums are deducted from the member’s retirement pay. The former husband and the former wife concurred in an election to designate their daughter, rather than the former wife, as SBP beneficiary when the former husband became a participant in the SBP.
In 1993, the parties divorced. Pursuant to the terms of their Stipulated Final Judgment of Dissolution of Marriage (Final Judgment), the former husband was *888 ordered to elect SBP benefit coverage for the former wife. The parties expressly waived their rights to receive alimony in the final judgment. According to the former husband, the parties entered into the final judgment with a mutual, good-faith belief that the former husband could elect SBP benefit coverage for the former wife.
On July 9, 1999, the former wife filed a motion for contempt and enforcement, whereby she sought to hold the husband in contempt because he had not named her the SBP beneficiary. The trial court entered an order requiring the former husband to designate the former wife as beneficiary of his SBP within 60 days.
On appeal this court reversed, ruling the former husband was barred by controlling federal law-from electing SBP beneficiary status for the former wife because the parties, prior to the divorce, had named their minor daughter as the sole SBP beneficiary. Wise v. Wise, 765 So.2d 898, 900 (Fla. 1st DCA 2000) (Wise I). However, this court stated that “it is apparent that an annuity was awarded to the former wife as part of the overall scheme of equitable distribution in the final judgment”; therefore, “the lower court has authority to revisit the equitable distribution in this case or otherwise effect the terms of the dissolution judgment.” Id. at 901.
Upon remand, the former wife filed a motion seeking to have the trial court revisit the parties’ equitable distribution scheme. The former husband argued that revisiting the equitable distribution scheme would be directly contrary to Florida Supreme Court precedent holding that if property rights of the parties have been adjudicated in a final judgment of dissolution of marriage, the doctrine of res judica-ta bars subsequent actions to redetermine the property rights. Finston v. Finston, 160 Fla. 985, 37 So.2d 423, 423-24 (1948); Davis v. Dieujuste, 496 So.2d 806, 809-10 (Fla.1986). The former husband argued that the grant of authority in this court’s Wise I decision was invalid because the allowed revisitation was barred as violative of the law announced in Davis and Fin-ston. The trial court agreed and entered an order denying the former wife’s motion to revisit the parties’ equitable distribution scheme on the basis of the Florida Supreme Court decisions in Davis and Fin-ston. By so doing, the trial court erred by failing to follow the dictates of Wise I that directed the trial court to “revisit the equitable distribution in this case or otherwise effect the terms of the dissolution judgment.” Id. at 901.
After Wise I was decided, the former husband had two options: move for rehearing or petition the Florida Supreme Court for discretionary review. He did neither, and Wise I became the law of the case. This rule was succinctly stated by Judge Webster in Parker Family Trust I v. City of Jacksonville, 804 So.2d 493 (Fla. 1st DCA 2001), as follows:
“The doctrine of the law of the case is ... a principle of judicial estoppel.” Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 102 (Fla.2001). It applies when “successive appeals are taken in the same case.” Id. It requires that questions of law actually decided on appeal must govern the case in the appellate court and in the lower tribunal in all subsequent stages of the proceeding. Id. Its purpose is “to lend stability to judicial decisions and the jurisprudence of the state, as well as to avoid ‘piecemeal’ appeals and to bring litigation to an end as expeditiously as possible.” Strazzulla v. Hendrick, 177 So.2d 1, 3 (Fla.1965). Although the doctrine is “a self-imposed restraint that courts abide by,” State v. Owen, 696 So.2d 715, 720 (Fla.1997), once made by the appellate court, such decisions “will seldom be *889 reconsidered or reversed, even though they appear to have been erroneous.” McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 728, 162 So. 323, 327 (1935). Reconsideration will occur only when “ ‘manifest injustice’ will result from a strict and rigid adherence to the rule.” Strazzulla, 177 So.2d at 4. “Under the law of the case doctrine, a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case.” Juliano, 801 So.2d at 102.
Parker, 804 So.2d at 497-98.
In this case, after remand, no additional facts were developed, and the former husband has not argued “manifest injustice.” Rather, the trial court entered its order on “arguments presented by counsel for both parties, and review! ] of the memorandum of law presented by counsel for both parties.” However, in any case, the trial court was bound by this court’s mandate to implement Wise I, rather than express its opinion that the Wise I panel erred.
In reversing the trial court we make no ruling on whether the trial court correctly applied Davis and Finston. We hold only that those precedents were or should have been considered in Wise I, and on remand the trial court was compelled to follow this court’s mandate as the law of the case.
REVERSED AND REMANDED.
WOLF, J. CONCURS; VAN NORTWICK, J., DISSENTS WITH OPINION.