PER CURIAM.
The former husband, Raymond Hill Cralle, filed an action seeking contribution from his former wife for the couple’s 1988 and 1992 federal income tax liability. The trial court entered a final judgment in favor of the former husband. The 1994 marital settlement agreement did not preclude the former husband from bringing the action. In Steinfeld v. Steinfeld, 553 So.2d 774 (Fla. 4th DCA 1989), we held that an action separate from the dissolution of marriage was the proper procedural vehicle to have the court determine entitlement to the proceeds of a tax refund check payable to the husband and wife jointly, where neither the property settlement agreement or final judgment addressed this issue. Id. at 775-76. Similarly, a separate action is appropriate to determine responsibility for a tax liability imposed after the execution of the settlement agreement, where the agreement was silent as to delinquent tax liabilities incurred during the marriage.
The record before us fails to demonstrate that the trial court erred in entering the final judgment. However, we agree *1196 that the trial court erred in a mathematical computation. The court held that the former wife was responsible for one-half of the liability for the 1988 tax year, but it inadvertently awarded the former husband one-half of the liability for the 1992 tax bill (one-half of $46,509.44 or $23,254.72). We therefore affirm the final judgment, but remand to the trial court to correct the final judgment to award one half of $44,764.97, or $22,382.49.
POLEN, C.J., WARNER and GROSS, JJ., concur.