COVINGTON, Judge.
This is an appeal from an order that grants partition of what was the marital home of the parties. On appeal, the former wife alleges that the trial court erred in providing credit to the former husband for his expenditures, while denying her credit for claimed reimbursements. While we agree that the trial court incorrectly awarded credit to the former husband for the down payment on the home, we affirm without discussion the remainder of the judgment.
In May 1994, while they were married, Barbra Rice and Scott Corry bought a home located in St. Petersburg, Florida. The purchase price of the property was $95,400, with a down payment in the amount of $8585. There is no dispute that the down payment consisted of premarital monies earned and provided for entirely by Mr. Corry. In November 1999, Ms. Rice and Mr. Corry were divorced. However, the final judgment of dissolution of marriage did not address the issue of equitable distribution of marital assets. Thus, the parties continued to jointly own their *773 home. While they had originally owned the property as tenants by the entireties, upon their divorce they assumed ownership as tenants in common.
Several years later, Ms. Rice filed a complaint for partition of the property at issue. At trial, Ms. Rice submitted that the property should be sold and the proceeds split evenly. Although Mr. Corry did not object to the partition of the property, he argued that he should be entitled to a credit in the amount of the down payment. In its final, judgment of partition, the trial court found that Mr. Corry had made the down payment from his own account and that those funds had been obtained without any assistance from Ms. Rice. Thus, the court concluded that Mr. Corry should be entitled to a credit of half of the down payment from Ms. Rice’s share of any net proceeds following the sale of the property.
We look to the doctrine of res judi-cata, in analyzing the trial court’s decision, to see if Mr. Corry is precluded from raising his claim. In Davis v. Dieujuste, 496 So.2d 806, 809-10 (Fla.1986), which dealt with this very issue, the court stated:
[Wjhere a trial court has acquired jurisdiction to adjudicate the respective rights and obligations of the parties, a final judgment of dissolution settles all such matters as between the spouses evolving during the marriage, whether or not these matters were introduced in the dissolution proceeding, and acts as a bar to any action thereafter to determine such rights and obligations.
In the case before us, the final judgment of dissolution of marriage did not address the issue of the division of property, including the marital home. Because he did not raise a special equity claim in his original dissolution proceeding, Mr. Corry is barred, pursuant to the doctrine of res judicata, from raising it now.[1] In light of the clear dictates of Davis, we do not find Mr. Corry’s argument persuasive that he is not barred from raising the disposition of the down payment in this action.
Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and remanded for action consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and CANADY, JJ„ Concur. '

. We note that in a dissolution proceeding, real property held as tenants by the entireties is presumed to be a marital asset subject to equitable distribution. If a spouse seeks a special equity in the real property, he has the burden of overcoming the presumption by showing that he intended no gift of an interest in the property to the other spouse. Robertson v. Robertson, 593 So.2d 491, 494 (Fla.1991).