296 So.2d 77 (1974)
Jerome SCHNEIDER, Appellant,
v.
Phyllis SCHNEIDER, Appellee.
No. 73-1015.
District Court of Appeal of Florida, Third District.
June 11, 1974.
Arthur Newman, Miami, for appellant.
Howard M. Neu, North Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Petitioner-appellant seeks review of a final judgment of dissolution of marriage with respect to the determination of the alimony and property rights of the parties contained therein.
Petitioner, ex-husband, on February 28, 1972 filed a petition for dissolution of *78 marriage. Respondent, ex-wife, in response thereto filed an answer and counterclaim. Following a full evidentiary hearing thereon, the chancellor found that the respondent was suffering from multiple sclerosis and psychiatric problems and was unlikely to obtain gainful employment, and on August 2, 1972 entered a judgment dissolving the bonds of marriage between the parties. Pursuant thereto, the petitioner was awarded custody of the three minor children and the exclusive use of the marital residence so long as he resides there together with at least one of the minor children. Appellant was directed to pay respondent $100 per week as permanent alimony and all medical bills reasonably and necessarily incurred by her. Thereafter, on August 14, 1972 petitioner-appellant filed a motion for a new trial and/or to alter or amend the final judgment of August 2, 1972, wherein he contested the reasonableness of the alimony provision and provision for payment of respondent's reasonable medical care. By September 1972 the petitioner-appellant was in arrears in payment of the $100 weekly alimony to respondent, ex-wife. After several hearings, on July 25, 1973 the chancellor entered a new final judgment of dissolution of marriage wherein he awarded the custody of the children to the petitioner and directed that the marital residence be sold and the proceeds therefrom be divided in half, with one-half going directly to the respondent and the other half to be held in escrow to guarantee payments of alimony of $100 per week to the respondent. On August 23, 1973 petitioner moved to vacate the final judgment of July 25, 1973 and on August 7, 1973 filed his notice of appeal therefrom. Petitioner and his counsel having failed to appear at the hearing on the motion to vacate, on September 19, 1973 the chancellor entered an amended final judgment directing the petitioner, ex-husband, (1) to transfer to the respondent, ex-wife, the marital residence and all contents therein as lump sum alimony, and (2) to pay respondent $50 per week. This appeal follows.
On appeal, petitioner-appellant argues the trial court erred in adjudicating the property rights of the parties by its final judgment of July 25, 1973 after the court had adjudicated the same property rights of the parties previously in its final judgment of August 2, 1972. We find this point is well taken.
We first note that the trial court's order of September 19, 1973 is invalid for upon the filing of the notice of appeal of August 7, 1973, jurisdiction of the cause then vested absolutely in this court until the appeal finally is disposed of. See 2 Fla.Jur.Appeals § 136 (1963).
We also find that the judgment of July 25, 1973 is invalid as the property rights of the respective parties were settled by the chancellor's entry of the final judgment of August 2, 1972. It is well established that once the property rights of the parties have been settled by the court in a final judgment of dissolution of marriage, the chancellor may not subsequently enter post judgment orders redetermining those rights. See Vandervoort v. Vandervoort, Fla.App. 1973, 277 So.2d 43 and cases cited therein.
Accordingly, the judgments of July 25, 1973 and September 19, 1973 are reversed and the cause remanded with directions for further proceedings on petitioner-appellant's motion for reduction of alimony payments based on his change in financial condition.
Reversed and remanded.