JORGENSON, Judge.
Marcus Ambrose, the personal representative of the estate of M. Fred Rayne, appeals from the trial court’s order which denied partition and granted the respondent, appellee here, continued use of the marital domicile, holding that Paragraph 3 of the original final judgment of dissolution entered in 1972 was “not subject to modification.” [1] We reverse.
An award of exclusive use of property must be determined by the equity of the cause and should be for a specified period. It is always subject to modification whenever there is a change of circumstances. Duncan v. Duncan, 379 So.2d 949 (Fla.1980). Appellee’s reliance on Schneider v. Schneider, 296 So.2d 77 (Fla. 3d DCA 1974) is misplaced. Schneider deals primarily with a jurisdictional issue. However, support for appellant’s position is found in Schneider, where this court held that property rights, settled in a final judgment of dissolution, may not, subsequently, be disturbed. In the matter sub judice, appellees misapprehend the effect of the final judgment entered in 1972. The property, once held by the entireties, became, at the time of dissolution, a tenancy in common. DiMartino v. DiMartino, 360 So.2d 1133 (Fla. 3d DCA 1978); Weinstein v. Weinstein, 148 So.2d 737 (Fla. 3d DCA 1963). The property was, thus, subject to a partition action.
Accordingly, we reverse that portion of the trial court’s judgment which precludes partition in light of the principles announced in Duncan, supra. On remand, the appellant will, of course, be required to proceed in accordance with Section 64.011, Florida Statutes (1979), et seq.
Reversed and remanded for further proceedings in accordance with the views expressed herein.

. Paragraph 3 of the original judgment reads, in pertinent part: “The Wife be, and she is hereby, awarded and granted the right to the full use and occupancy, and the full use and occupancy with the said children, of the furnished residence heretofore jointly owned by the Wife and the Husband ... without interference or molestation upon the part of the said Husband.”