PARKER, Judge.
Mrs. Wigginton appeals pro se from a final judgment of partition of a twenty-acre citrus grove owned by the parties as tenants in common. This partition action arises two years following a dissolution decree dissolving the parties’ marriage and dividing their marital property.
The final judgment of dissolution entered November 24, 1987, in Hillsborough County, specifically divided the grove property as follows:
12.F. The parties shall become tenants in common of the orange grove and each shall remain on the mortgage encumbering said orange grove. All of the gross profits of the orange grove, less all losses and expenses including mortgage payments, shall be equally shared between the parties. Further, the Husband shall share with Wife the approximate $19,600.00 from the previous sale of the grove crop, the $8,500.00 in crop remaining in the fields, and the $13,-000.00 in the escrow account, plus any interest earned on the above amounts from the time of receipt by Husband, less all expenses, until the entry of the Final Judgment in this cause. Such accounting of profits and expenses shall be transmitted to the Wife and paid to her within thirty (30) days from the date of this Final Judgment.
The final judgment further provided:
The provisions of this Final Judgment shall not be modified except by Stipulation of the parties and further Order of this Court.
On November 9, 1989, the parties entered into a settlement agreement in an attempt to reach a conclusion on the distribution of the parties’ assets. The agreement provided in paragraph 6:
WHEREAS, Millie M. Wigginton hereby agrees not to contest the partition action in connection with the grove owned by the parties, other than to insure that the amount of any profits realized since the entry of the Final Judgment, if any, be shared with her on a 50/50 basis.
Later in 1989, Mr. Wigginton filed a complaint for partition of the grove property. At the partition hearing, each party presented the testimony of a certified public accountant. There was substantial dispute between these two accountants as to the amount of profits which were to be divided equally between Mr. and Mrs. Wig-ginton, ranging from a low figure of $8,907 to a high figure of $15,038.22. The partition court found for Mr. Wigginton and accepted the low figure. The court rejected the figures submitted by Mrs. Wiggin- *235 ton’s accountant, which carried forward certain profits received or escrowed in a time period predating the final dissolution judgment, concluding that:
[I]t is my best understanding that whether Judge Taylor’s judgment [dissolution judgment] was altered by agreement or not Judge Taylor determined the rights to income, real estate, expenses — the whole nine yards — as of the date of the judgment. And I am then left with occurrences post that date....
The court further found:
D. That the parties did on November 9, 1989 enter into a Settlement Agreement wherein in paragraph 6, MILLIE M. WIGGINTON for consideration recited therein limited her rights to profits realized since the entry of the Final Judgment of Dissolution of Marriage and waived any right she had to share in profits realized before entry of the said Final Judgment. This provision of the Settlement Agreement is reflected in paragraph 7 of Defendant’s Answer in which she claimed one-half (V2) of the profits earned and generated since the date of the Final Judgment which is November 24, 1987.
Chapter 64 of the Florida Statutes governs the procedures which must be followed in a partition action. Before a party may initiate a partition suit, the party must have an interest in the property that is susceptible to partition. § 64.031, Fla.Stat. (1989). In this instance, from the time of the dissolution judgment forward, as stated therein, the parties became tenants in common of the grove which previously had been held by them as tenants by the entire-ties. Even if such a change in their grove interest had not been directed expressly in the final judgment, the property nevertheless converted to a tenancy in common as a matter of law upon the dissolution. See § 689.15, Fla.Stat. (1987); Davis v. Dieu-juste, 496 So.2d 806 (Fla.1986); Ambrose v. Rayne, 412 So.2d 971 (Fla. 3d DCA 1982).
Any party holding property as a tenant in common may bring an action in partition so long as the requirements of chapter 64 are met. The partition complaint before us appears on its face to comply with the statutory conditions for setting forth a proper claim for partition. See § 64.041, Fla.Stat. (1989). The judgment of partition, however, is not being challenged in that respect. Mrs. Wigginton attacks the partition judgment on the basis that the lower court erred in accepting the accounting prepared by the ex-husband’s accountant, which did not take into account any profits generated by the grove prior to the entry of the dissolution judgment.
Because the dissolution judgment is conclusive in any future action between the parties as to all facts directly in issue and actually or necessarily decided therein, see Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981), the partition court’s authority was limited to considering an accounting of the financial activity of the grove post-dissolution judgment. Even assuming the settlement agreement of the parties had any effect upon provision 12.F. of the dissolution judgment that would have been binding upon the partition court, which we do not find,[1] there was competent, substantial evidence to support the partition court’s approval of the ex-husband’s accounting. See Reali v. Vetoed, 563 So.2d 1106 (Fla. 5th DCA 1990); Bailey v. Parker, 492 So.2d 1175 (Fla. 1st DCA 1986).
We affirm the final judgment of partition, except that we reverse the trial court’s finding that the parties waived any right to profits realized prior to the dissolution judgment by virtue of their settlement agreement. As previously stated, the partition court had no authority to alter or purport to affect any provision of the final *236 dissolution judgment. See Johnson. Mrs. Wigginton is therefore free to pursue in the dissolution court any prejudgment profits due to her and not paid under the dissolution judgment.[2]
We, therefore, strike paragraph D. of the final judgment of partition; otherwise, we affirm the partition decree.
DANAHY, A.C.J., and PATTERSON, J., concur.

. Our record is devoid of any executed satisfaction of judgment referred to in the' settlement agreement or any order of the dissolution court indicating its approval of the settlement agreement necessary to modify the dissolution judgment. It does not appear, however, that any such order approving the settlement would af-feet or modify provision 12.F. of the dissolution judgment in that the pertinent part of the settlement agreement only refers to grove profits realized post-judgment and does not purport to affect the parties’ entitlement to profits realized prior to the dissolution and expressly referred to in the divorce decree.

. Provision 12.F. of the final judgment of dissolution required Mr. Wigginton to share with Mrs. Wigginton sums totaling approximately $41,100, plus interest, less expenses from the grove, with an accounting and payment to be made by December 24, 1987, which Mrs. Wig-ginton claims was never done.