PER CURIAM.
Appellant/former husband appeals a final order entered in favor of appellee/for-mer wife. Although he raises three issues, we find only the first requires reversal and discussion. The other points present no error by the trial court. Accordingly, we reverse in part, affirm in part, and remand *1362 with direction to the trial court to enter an order pursuant to Florida Rule of Civil Procedure 1.570(c) and (d), transferring to appellee her one-half interest in the assets described in paragraph XXIV of the final judgment and retaining jurisdiction over the parties and property to enforce said order.
Appellant’s first point is that the trial court lacked jurisdiction to order him to pay the monetary equivalent of assets he did not transfer pursuant to the final judgment of dissolution entered in April 1989.
Paragraph XXIV of the final judgment provided:
That except as otherwise provided herein, the parties shall each own a one-half interest in the assets described in Paragraph No. 19 hereof, subject to encumbrances thereon. The parties shall execute, within thirty (30) days from the date hereof, any necessary and appropriate documentation to effectuate the foregoing.
Paragraph XIX of the trial court’s findings included:
That the Respondent owns in his own name or has control over the following described assets, which are marital assets, to wit:
a. Stock in County National Bank worth approximately Two Thousand Four Hundred Ten Dollars ($2,410.00)
b. A one-half interest in a timeshare apartment in Delray Beach, Florida worth approximately $4,500.00, for which there is apparently no market.
c. A one-half interest in a partnership which owns various parcels of real property, which said one-half interest is worth approximately Twenty Seven Thousand Four Hundred Dollars ($27,-400.00) — the Roñal partnership.
d. A partial interest in a limited partnership described as Biscayne Woods Apartments and/or Biscayne Woods Apartments Limited, worth approximately Forty-five Thousand Dollars ($45,-000.00)
[[Image here]]
f. A limited partnership interest in The Learning Experience Limited Partnership worth approximately $5,000.
[[Image here]]
h. A limited partnership interest in Airport Marina Associates, Ltd., which the Respondent claims is worthless.
A provision of the final order on appeal provides as follows:
5. That in light of the total lack of compliance of the Former Husband with the Final Judgment of Dissolution (specifically Paragraph No. XIX thereof), and based on the Former Wife’s request, the Court finds it equitable to allow the Former Husband to be the sole owner of the property set forth in Paragraph No. XIX of the Final Judgment of Dissolution of Marriage. In lieu of the following, the Former Wife is entitled to a Judgment in the amount of Forty Two Thousand One Hundred and Fifty Five Dollars ($42,-155.00), for all of which let execution issue forthwith.
We reverse the judgment for $42,155.00. Essentially appellant argues that the trial court modified the distribution of property made in the final judgment of dissolution of marriage and that the trial court lacked jurisdiction to modify the final judgment. We agree. See Schneider v. Schneider, 296 So.2d 77, 78 (Fla. 3d DCA 1974); Vandervoort v. Vandervoort, 277 So.2d 43, 44 (Fla. 3d DCA), cert. denied, 287 So.2d 682 (Fla.1973).
GLICKSTEIN, C.J., and GUNTHER and POLEN, JJ., concur.