**Michael John PRESTON, Appellant,**

v.

**Darlene Louise BURMEISTER,**
**Appellee.**

**No. 2–00–164–CV.**

Court of Appeals of Texas,
Fort Worth.

July 12, 2001.

Graham, Bright & Smith, P.C., Gary E. Smith, R. Spencer Shytles, Dallas, for appellant.

Gregory & Bradshaw, P.C., Mike Gregory, Denton, Law Offices of J. Steven King, Heather Leah King, Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

LIVINGSTON, Justice.

### I. INTRODUCTION

This case involves the application of Florida law.[1] The parties were divorced in the State of Florida on July 2, 1979. Appellee Darlene Louise Burmeister filed a petition for post-divorce division of property in Denton County, Texas, on July 14, 1998, requesting a division of appellant Michael John Preston's retirement benefits, which the Florida trial court did not address in the divorce decree. Preston challenges the Denton County trial court's judgment granting Burmeister's petition for post-divorce division of property. Because we determine that Burmeister's challenge to the original divorce decree is barred by Florida's doctrine of res judicata, we reverse and render.

### II. FACTUAL AND PROCEDURAL BACKGROUND

During the divorce proceeding between the parties in Florida, Burmeister filed an answer to Preston's amended complaint and specifically counterclaimed for an equitable distribution of his retirement benefits: "That the husband has substantial retirement benefits accrued to him as a pilot for Delta Airlines, which benefits will provide in excess of One Hundred Fourteen Thousand Dollars ($114,000.00) on his retirement." The trial court's 1979 divorce decree did not state whether any distribution of the retirement benefits was made or even considered. Further, there is no record of any hearing from the Florida proceedings.

Preston began contributing to his retirement plan with Delta Airlines on February 8, 1965, and retired on October 1, 1996. Preston was contributing to the retirement

---

1. The parties stipulate that Florida law applies in this case. Further, the law in Texas requires its application. *See* Tex. Fam.Code. Ann. § 9.203(b) (Vernon 1998).

plan for almost two years before his marriage to Burmeister on October 14, 1967, and continued to contribute following their 1979 divorce.

Almost twenty years after their divorce, and one year and eight months after Preston began receiving retirement benefits, Burmeister filed her petition for post-divorce division of property in Denton County, Texas. Burmeister claimed that because the Florida trial court failed to divide the retirement benefits, a marital asset, as required under Florida law, she was entitled to seek a partition of the retirement benefits and receive an equal share. Preston defended that Florida law barred a challenge to the judgment on the basis of res judicata. Preston did not challenge the jurisdiction of the trial court to hear the dispute, nor did he assert the defense of laches or a statute of limitations defense.[2]

The Denton County trial court heard the parties' testimony and arguments of counsel and ruled that Burmeister was entitled to an equal share of the retirement benefits already distributed to Preston and to an equal share of all retirement benefits to be distributed to Preston in the future. On appeal, Preston raises five issues challenging the trial court's judgment:

(1) Whether Burmeister's cause of action was barred by res judicata as a matter of law.

(2) Whether there is evidence to support the final judgment.

(3) Whether the evidence is sufficient to support the final judgment.

(4) Whether the final judgment is against the great weight and preponderance of the evidence.

(5) Whether the trial court erred in not admitting parol evidence offered by

Preston to prove the res judicata effect of the Florida judgment.

## III. RES JUDICATA

In Preston's first issue, he argues that any challenge to the Florida trial court's failure to divide and distribute his retirement benefits is barred by the doctrine of res judicata as applied in Florida. In *Davis v. Dieujuste*, the Florida Supreme Court held:

> where a trial court has acquired jurisdiction to adjudicate the respective rights and obligations of the parties, a final judgment of dissolution settles all such matters as between the spouses evolving during the marriage, whether or not these matters were introduced in the dissolution proceeding, and acts as a bar to any action thereafter to determine such rights and obligations.

496 So.2d 806, 809–10 (Fla.1986). Under this holding, any matters not addressed that could have been addressed in the 1979 divorce decree, i.e., the division of the retirement benefits, cannot be addressed at a later date.

Burmeister asserts, however, that the *Davis* opinion also supports her position that she should be entitled to an equal share of Preston's retirement benefits. She relies on language in the case stating that ownership of property held as a tenancy by the entirety in marriage automatically converts to property held by tenancy in common upon divorce, which is subject to partition at any time following divorce. *Id.* at 809. Burmeister argues that because Preston contributed to the retirement benefits during the marriage, after the divorce she and Preston owned the retirement benefits as tenants in common, entitling each to an equal share. Burmeis-

---

**2.** Preston did file a special appearance, however, raising the issue of personal jurisdiction, but the record before this court does not reveal that it was ever ruled on.

ter asserts, therefore, that because she is only seeking a fifty percent share of the retirement benefits, her claims are not barred by res judicata. Her argument, however, assumes that the retirement benefits were held as a tenancy by entirety during the marriage because the language she relies on is very specific: "Upon dissolution of marriage, property held by the spouses as an *estate by the entireties* converts to a tenancy in common." *Id.* (emphasis added).

In Florida, in order to have a tenancy by the entirety in personal property, it must be shown that the husband and wife had unity of possession, unity of interest, unity of title, unity of time, and unity of marriage. *Beal Bank, SSB v. Almand & Assocs.*, 780 So.2d 45, 52 (Fla.2001). Once the marriage relationship ends, such property converts to property held by both spouses as tenants in common. *Davis,* 496 So.2d at 809; *Cummings v. Cummings,* 330 So.2d 134, 135–36 (Fla.1976). In the absence of a showing that one spouse should be awarded more than an equal share of entireties property, either as an award in lieu of lump sum alimony or because of a special equity in the property, the ownership interest of each is presumed equal. *Davis,* 496 So.2d at 809. As tenants in common, each spouse is entitled to an equal share of the property, which is subject to a partition action. *Id.; Wiggin-*

*ton v. Wigginton,* 575 So.2d 233, 235 (Fla. Dist.Ct.App.1991).

Burmeister did not demonstrate to the trial court, nor has she shown us, that the four unities necessary to find a tenancy by the entirety existed when Preston began contributing to his retirement account or that they existed during the marriage.[3] *See* Tex.R.App. P. 33.1(a); *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex.1991) (op. on reh'g). Having failed to argue and demonstrate to the trial court that these unities existed in the retirement benefits, Burmeister failed to preserve her argument that the retirement benefits converted to a tenancy in common upon divorce. *See* Tex.R.App. P. 33.1(a); *Bushell,* 803 S.W.2d at 712.

Even assuming Burmeister preserved her argument for appeal, she has failed to demonstrate that Florida law would classify Preston's retirement benefits received during the marriage as property held as a tenancy by the entirety. Burmeister has presented us with no Florida authority designating retirement benefits, which one spouse possessed before marriage and continued to possess and contribute to during marriage and after divorce, as property held by both spouses during marriage as a tenancy by the entirety. Moreover, our review of Florida law has not revealed any authority for her

---

**3.** Recently, the Florida Supreme Court ruled that a tenancy by the entirety would be presumed to exist between married couples so long as the unities of possession, interest, title, and time are shown. *Beal Bank,* 780 So.2d at 57–58. The effect of this opinion on the facts of this case would appear to be limited because the holding was specifically limited to bank accounts: "[W]e hold that as between the debtor and a third-party creditor ..., if the signature card of the account does not expressly disclaim the tenancy by the entireties form of ownership, a presumption arises that a bank account titled in the names

of both spouses is held as a tenancy by the entireties as long as the account is established by husband and wife in accordance with the unities of possession, interest, title and time and with right of survivorship." *Id.* at 58. Regardless, the retirement account in this case was not shown to have been "titled in the names of both spouses." *Id.; see also* Fla. Stat. Ann. § 689.15 (West 1994) (stating except in cases of estates by entirety, a devise, transfer, or conveyance made to *"two or more* shall create a tenancy in common") (emphasis added).

position. Burmeister assumes that because the retirement benefits were not disposed of in the divorce decree that they automatically became property held as a tenancy in common upon divorce. She provides no authority for this position either. The Florida Supreme Court in *Davis* only stated that property held as a tenancy by entirety during marriage converts to a tenancy in common upon divorce. The court expressed no opinion on how to treat property not held as a tenancy by entirety during marriage and not distributed in the divorce decree.

Retirement benefits in Florida have been classified as marital assets subject to *equitable* distribution and not necessarily *equal* distribution, as would be the case if they were considered property held by tenants in common on divorce. *See* FLA. STAT. ANN. § 61.076(1) (West 1997); *Glover v. Glover,* 601 So.2d 231, 232 (Fla.Dist.Ct. App.1992) (stating retirement benefits accrued during marriage are *"marital assets subject to equitable distribution "*) (emphasis added). Further, given that unity of possession requires joint ownership and control, that unity of time requires the interests to have commenced simultaneously, and that unity of marriage requires the parties to be married at the time the property became titled in their joint names, it is not likely that a Florida court would rule that a tenancy by the entirety in the retirement benefits existed during the marriage. *See Beal Bank,* 780 So.2d at 52. Absent case authority or statutory law from Florida classifying retirement benefits as property held as a tenancy by the entirety, we do not think it would be appropriate for this court to rule that, under Florida law, Preston's retirement benefits were property held as a tenancy by the entirety during marriage, which converted to a tenancy in common upon divorce.

Burmeister also argues that Florida courts have reversed trial court divorce decrees that failed to divide or consider retirement benefits. *See Faust v. Faust,* 505 So.2d 606, 607–08 (Fla.Dist.Ct.App. 1987) (discussing *Diffenderfer v. Diffenderfer,* 491 So.2d 265 (Fla.1986)). Thus, because the failure to divide retirement benefits in Florida is reversible error, she argues that Florida law would require the equal division of the retirement benefits in this case. *Id. Faust,* however, involved a divorce decree directly appealed from the trial court to an appeals court because the trial court failed to address retirement benefits. Here, Burmeister is attempting to challenge an alleged error by the trial court that occurred almost twenty years ago. Under these circumstances, we are inclined to believe that a Florida court would rule that her challenge was barred by the doctrine of res judicata as set forth in the *Davis* case. *But see Wigginton,* 575 So.2d at 234 (addressing appeal of final judgment of partition regarding *real property held as tenancy in common* two years after divorce decree issued). A recent opinion from the First District Court of Appeals in Florida, which was not available to the Denton County trial court at the time it issued its order, confirms our decision:

> Some 17 years after the parties's divorce had become final, the former wife sought to modify the final judgment of dissolution of marriage for the purpose of addressing for the first time equitable distribution of the former husband's military retirement benefits. Despite the former husband's argument that the request was barred by the doctrine of res judicata, the trial court granted the petition for modification, amending the final judgment to award a portion of the retirement benefits to the former wife. We agree with the former husband that the petition for modification was barred

by the doctrine of res judicata. *See Davis v. Dieujuste*, 496 So.2d 806 (Fla. 1986) (the doctrine of res judicata bars subsequent litigation of all matters which were or could have been litigated in the original dissolution proceeding unless the court lacked jurisdiction to address the matter). Accordingly, the Final Order on Petition for Dissolution is reversed.

*Love v. Love*, 770 So.2d 256, 256 (Fla.Dist. Ct.App.2000).[4]

We hold that Burmeister's request for a post-divorce division of Preston's retirement benefits is barred by the doctrine of res judicata. *See Davis*, 496 So.2d at 809–10; *Love*, 770 So.2d at 256. We sustain Preston's first issue.[5]

### IV. CONCLUSION

Having sustained Preston's first issue on appeal, we reverse the trial court's order granting Burmeister's petition for post-divorce division of property and render judgment that Burmeister's request for a division of Preston's retirement benefits is barred by the doctrine of res judicata.

---

4. Although the *Love* case did not involve a "partition" action, a partition suit can only be brought when property is held in some form of joint tenancy. *See* FLA. STAT. ANN. §§ 64.031, 64.091 (West 1997). We have already determined that Burmeister failed to show the existence of a tenancy in common or tenancy by the entirety in the retirement benefits. She has not argued that a joint tenancy with right of survivorship existed.

5. In light of our disposition of Preston's first issue, we need not address his remaining issues on appeal. *See* TEX.R.APP. P. 47.1.